Submitted on record and briefs January 29, affirmed April 17, 1996

In the Matter of the Compensation of
Joan C. Gillander, Claimant.

Joan C. GILLANDER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Thrifty Car Rental,
*Respondents.*

(WCB No. 92-03284; CA A87801)

914 P2d 1100

James L. Edmunson and Nancy F.A. Chapman filed the brief for petitioner.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and James W. Moller, Special Assistant Attorney General, filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board dismissing her claim for failing timely to request a hearing, contending that the case should be remanded to the Board for reconsideration in the light of a recently enacted statute. We affirm.

Claimant was injured in Washington during the course of her employment transporting a vehicle from Portland to Seattle. She filed a claim in Washington against the individuals who had hired her to do the driving, and in Oregon against Thrifty Car Rental, the company to whom the vehicle belonged. On October 28, 1991, SAIF denied her Oregon claim, on the ground that claimant was not an Oregon subject worker. On November 1, 1991, the Washington Department of Labor and Industries issued a temporary order requiring payment of time loss to claimant from September 25 through November 4, 1991. Claimant received that payment and further time loss payments and was under the impression that her Washington claim had been accepted. For that reason, she took no steps to request a hearing on SAIF's denial of the Oregon claim, until she received a notice from the Washington Department of Labor and Industries that her Washington claim had been denied. She retained legal counsel and filed a request for hearing in Oregon on February 6, 1992.

On May 14, 1992, SAIF issued an amended denial, reiterating that claimant was not an employee of Thrifty at the time of the injury.

The Board held that claimant had not shown good cause for her failure to request a hearing on SAIF's initial denial within 60 days of the date of the denial. Claimant does not challenge that determination. The Board further held that claimant was barred by claim preclusion from contesting the second denial, because it is based on the same factual transaction as the first and claimant failed to pursue her right to a hearing on the first.

After the Board issued its opinion, the legislature enacted Oregon Laws 1995, chapter 332, section 39. That section amends ORS 656.319 by adding subsection (6). The statute now provides, in relevant part:

"(1) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the mailing of the denial to the claimant; or

"(b) The request is filed not later than the 180th day after mailing of the denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after mailing the denial.

"* * * * *

"(4) With respect to objections to a reconsideration order under ORS 656.268, a hearing on such objections shall not be granted unless a request for hearing is filed within 30 days after the copies of the reconsideration order were mailed to the parties.

"(5) With respect to objection by a claimant to a notice of refusal to close a claim under ORS 656.268, a hearing on the objection shall not be granted unless the request for hearing is filed within 60 days after copies of the notice of refusal to close were mailed to the parties.

"(6) A hearing for failure to process or an allegation that the claim was processed incorrectly shall not be granted unless the request for hearing is filed within two years after the alleged action or inaction occurred."

Claimant contends that the Board should consider in the first instance whether her request for hearing was timely under ORS 656.319(6). She contends that, because she was confused about the process for obtaining compensation for her injury that occurred in Washington, and because the way her claim was processed in Oregon confused her further, this case implicates the longer time limitation of ORS 656.319(6).

We need not decide whether ORS 656.319 applies retroactively to this claim. *See* Or Laws 1995, ch 332, § 66. The text and context of ORS 656.319(6) show that it is

intended to apply to challenges of the insurer's processing of a claim. The fact that claimant was confused about how her claim would be processed does not raise an issue concerning the correctness of SAIF's processing of her Oregon claim. The dispute in this case is not about a processing error but about a substantive denial of the claim.

In her second assignment of error, claimant contends that the Board erred in holding that her hearing request on the second denial is barred by claim preclusion. She contends that by issuing a new denial, SAIF created a new right of action for claimant under ORS 656.319(1). Claimant first raised her contention concerning SAIF's second denial in her motion for reconsideration to the Board, filed approximately two weeks after claimant had filed her petition for review in this court. We agree with SAIF that the issue was not timely raised before the Board and we will not consider it on review.

Affirmed.